BUD BROYLES v. THE STATE.

No. 1910. Decided February 28, 1900.

1. **Indictment—Terms of Court.**
   An indictment found by a grand jury at a term of court held in conformity with the law then in force is not invalid because at the time of the trial the terms of the holding of the district court for the county had been changed from the first to the second Monday after the first Monday. The act changing the terms of court did not have a retroactive effect.

2. **Knowingly Causing Stock to Go Into Inclosed Land of Another—Fact Case.**
   See opinion for facts stated which the court hold do not support a conviction for knowingly causing stock to go into inclosed land of another, and where the law (Penal Code, article 794) denouncing that offense did not apply to the facts proved.

APPEAL from the County Court of Motley. Tried below before Hon. A. R. HENDERSON, County Judge.

Appeal from a conviction of causing stock to go into the inclosed lands of another; penalty, a fine of $50 and ten days imprisonment in the county jail.

The opinion states the case.

No brief on file for appellant.

*Rob't A. John*, Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of causing stock to go into the inclosed lands of another, and his punishment assessed at a fine of $50 and ten days confinement in the county jail.

The indictment is as follows: "The grand jurors for the county of Motley, State aforesaid, duly organized as such, at the February term, A. D. 1899, of the District Court for said county, upon their oaths in said court present that Bud Broyles, on or about the 23d day of December, 1898, and anterior to the presentment of this indictment, in the county of Motley, and State of Texas, did then and there unlawfully and knowingly cause sheep to go within the inclosed lands of N. B. Echols, without the consent of the said N. B. Echols," etc. Appellant moved to quash the indictment, because it was not presented by a legal grand jury impaneled at a regular term of the District Court of Motley County. It appears the indictment was found by a grand jury organized on February 13, 1899, the same being the first Monday after the first Monday in February. Under the law then in force this was the time for holding said court. The Twenty-sixth Legislature passed a bill, which became effective April 11, 1899, whereby the terms for holding the District Court in Motley County were changed from the first Mondays after the first Mondays to the second Mondays after the first Mondays in February and August. The passage of this bill did not have a retroactive effect, and could not possibly affect the holding of this term of the District Court in Motley County. We do not think the court erred in refusing to quash the indictment, for the court convened at the time provided by law.

Appellant complains of the following portion of the court's charge: "But should you find from the evidence that defendant, Bud Broyles, at the time charged in the indictment, was traveling a public road through the said inclosed land of N. B. Echols at the greatest practical speed, then he would not be guilty," etc. We presume this charge is predicated upon the latter part of article 508, Penal Code, which reads: "Provided further that when herds of cattle, horses, sheep or goats are driven through this State, from one place to another place in this State, and it becomes necessary for such stock to pass through any inclosed pasture of any person, who has leased any of the aforesaid lands, such lessee of such inclosure shall permit such stock to pass through such pasture: provided that the owner of such stock so driven through any such inclosure, shall move the same as expeditiously and with as little delay as practicable, through such inclosure." An inspection of this article shows it has reference to parties inclosing lands leased from the State of Texas. The evidence shows Echols had sixteen or eighteen sections of land inclosed; some of it belonging to his father and sister, and six sections being leased from the State; and the balance belonged to himself, with the exception of forty acres, owned by Pat Cornett. Appellant

says he entered at a gate on one side of the pasture; that there was a well-beaten road through the pasture, which he followed, and went out a gate pointed out to him by the prosecutor on the next day. He entered late in the evening, and went out about 10 o'clock the next day. It will appear from an inspection of the foregoing indictment that appellant was charged with violating article 794, Penal Code. An inspection of article 508, Penal Code, shows it prohibits parties, after leasing public lands, from having an unbroken fence for more than three lineal miles in one general direction without a gateway in same, which gateway must be at least ten feet wide, and shall not be locked or kept closed so as to obstruct free ingress and egress; and, further, that lessees of such inclosure shall permit stock to pass through such pasture. Then the proviso above copied follows. In construing this article, we hold that there is no provision making it an offense for a party not to travel as "expeditiously and with as little delay as practicable through such inclosure." While it inhibits him from lingering or remaining in the pasture, yet there is no penalty attached to the act if he does stay in the pasture longer than is reasonably necessary. Hence we hold that article 794, under which this prosecution is based, does not apply to the facts of this case. This article states that, if any person shall break, pull down, or injure the fence of another, or shall willfully, and without the consent of the owner thereof, open and leave open any gate leading into the inclosed land of another, or shall knowingly cause any hogs, cattle, mules, horses, or other stock to go within the inclosed lands of another, without his consent, etc., he shall be fined not less than $10 nor more than $100. Article 508 gives appellant, under the facts of this case, the right to enter the inclosure, whether the owner or occupant of the land consents thereto or not. Article 794 gives the party occupying or owning the land the right to exclude any entrance into his inclosure. In other words, we hold that there is no provision of the Penal Code which makes it an offense to enter the inclosed leased lands of the State of Texas through one of the gates authorized by article 508, and that article 794, under which this indictment evidently was drawn, does not apply, and for that reason this case must be reversed on the facts. Because the evidence is not sufficient to support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*